UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **B&S EQUIPMENT COMPANY, INC.** | *   CIVIL ACTION 09-3862 |
| | * |
| **VERSUS** | *   SECTION F-4 |
| | * |
| **TRUCKLA SERVICES, INC. AND** | *   HONORABLE MARTIN L.C. |
| **ABC INSURANCE COMPANY** | *   FELDMAN |
| | * |
| | *   MAGISTRATE KAREN WELLS ROBY |

## <u>SECOND SUPPLEMENTAL AND AMENDING COMPLAINT</u>

NOW INTO COURT, through undersigned counsel, comes plaintiff, B&S Equipment Company, Inc., (hereinafter "B&S"), and respectfully avers as follows:

I.

B&S is a Louisiana corporation having its registered office and principal place of business in the Parish of Jefferson thereof.

II.

Made defendants herein are the following:

A. TRUCKLA Services, Inc. (hereinafter "TRUCKLA"), who at all material times was and is a foreign corporation with a registered agent located within the state;

1

B. Montgomery Insurance (hereinafter "Montgomery"), who upon information and belief is a foreign insurer and member of the Liberty Mutual Group providing coverage for the below-described excavators at the time of the losses complained of herein;

C. ABC Insurance Company (hereinafter "ABC"), who upon information and belief is a foreign insurer, as yet unidentified, that issued the applicable policies covering TRUCKLA for all or part of the damages to the spud barges described as the KS 417 and DOVE 4 (hereinafter "the spud barges");

D. T&M Boat Rentals, LLC (hereinafter "T&M"), who at all material times was a Louisiana limited liability company that owned and operated the M/V MASTER CADE, the towing vessel used to transport the spud barges to and from the TRUCKLA job, as well as position the barges while on the job; and

E. XYZ Underwriters (hereinafter "XYZ"), who upon information and belief is a foreign liability insurer, as yet unidentified, of T&M.

III.

Jurisdiction is proper pursuant to 28 U.S.C. § 1333 and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the supplemental rules governing certain admiralty and maritime claims.

IV.

Venue is proper pursuant to 28 U.S.C. § 1391.

## FIRST CAUSE OF ACTION

V.

B&S re-avers and re-alleges the allegations in contained in Paragraphs I through IV as if copied *verbatim* and *in extenso* herein.

VI.

B&S is the owner of the following equipment:

(1)   a Caterpillar 385CL excavator bearing serial no. EDA 00284; and

(2)   a Caterpillar 375L excavator being serial no. AHRH 228.

VII.

On or about March of 2009, B&S and TRUCKLA entered into a month-to-month equipment lease whereby B&S leased the above-described excavators to TRUCKLA. (See equipment lease attached hereto as Exhibit "A").

VIII.

Pursuant to the equipment lease, TRUCKLA was obligated to return the excavators in good condition and perform ordinary maintenance during the term of the lease.

IX.

Pursuant to the equipment lease, TRUCKLA was also obligated to maintain insurance providing adequate coverage for the equipment.

X.

TRUCKLA has breached its obligations under the equipment lease.

XI.

While in the care and possession of TRUCKLA, the excavator described as Caterpillar 375L sustained damages, including but not limited to, broken doors, glass, walkways, and booms.

XII.

B&S made amicable demand upon TRUCKLA to repair the excavator to no avail.  (See correspondence attached hereto as Exhibit "B").

XIII.

B&S is entitled to compensation for all physical damages sustained to the excavator described as the Caterpillar 375L while in the care and custody of TRUCKLA.

XIV.

Pursuant to the equipment lease, TRUCKLA is required to give thirty (30) day written notice of its intent to terminate the month-to-month lease which was not provided prior to returning both excavators.

XV.

B&S is entitled to continuing rent payments until the thirty (30) day lease termination notice is given.

XVI.

B&S is unable to lease the equipment while it is damaged and awaiting repair and is entitled to recover lost rents until such time as the excavator described as the Caterpillar 375L is restored to its normal operating condition.

XVII.

B&S is further entitled to recover its attorneys' fees associated herewith, plus all costs and interest.

XVIII.

At all pertinent times herein, Montgomery had in full force and effect a policy covering the claims asserted herein by B&S and relating to the excavator described as the Caterpillar 375L.

**SECOND CAUSE OF ACTION**

XIX.

The allegations of each of the foregoing paragraphs are re-alleged as if set forth *verbatim* and *in extenso* herein.

XX.

B&S bareboat chartered the spud barges to TRUCKLA. At the time the barges left the possession of B&S, they were in all material respects tight, staunch, strong, seaworthy, and fit for the use of TRUCKLA.

XXI.

While under the care and custody of TRUCKLA, the barges received severe physical damages, including but not limited to, holes punched in their decks, and other damages to the motors, spud boxes, and transportation mats.

XXII.

The aforementioned damages were not caused or contributed to by any fault or neglect on the part of the barges and/or B&S, but were instead caused wholly, or at least in part by, the

negligence of TRUCKLA, its agents, servants, and/or employees, in the following respects, among others, which will be shown at the trial of this matter:

1. Failing to properly safeguard the barges while under its care and custody;

2. Failing to maintain and/or regularly inspect the barges;

3. Providing unsafe directions to the employees and/or agents conducting operations aboard said barges;

4. Failing to act as a reasonable and prudent vessel owner/operator under the circumstances;

5. Failing to properly man the barges;

6. Failing to follow safe operating procedures;

7. Failing to take the appropriate steps to assess the risk of allision;

8. Failing to act with reasonable care under the circumstances; and

9. Other acts of negligence to be shown at the trial of this matter.

XXIII.

As a result of the above-described negligence, TRUCKLA is liable for all damages to the spud barges, as well as for consequential damages, including but not limited to, loss of use until such time as the barges are returned to seaworthy condition, and for all survey costs.

XXIV.

Surveys conducted subsequent to the return of the barges indicate that damages to the DOVE 4 total $672,415.00 and damages to the KS-417 total $216,458.00.

XXV.

TRUCKLA is further liable for charter payments until such time as the spud barges are repaired and returned to B&S in the same condition as they were in at the commencement of the charter agreements.

XXVI.

At all pertinent times herein, TRUCKLA is believed to have had in full force and effect policies of insurance issued by ABC providing coverage for all or part of the physical damages sustained to the spud barges.

**THIRD CAUSE OF ACTION**

XXVII.

The allegations of each of the foregoing paragraphs are re-alleged as if set forth *verbatim* and *in extenso* herein.

XXVIII.

The barges were transported to and from the TRUCKLA job by the M/V MASTER CADE, Official No. 569725MC70381, a towing vessel owned and/or operated by T&M. The M/V MASTER CADE was also used to position and moor the barges during the TRUCKLA job.

XXIX.

T&M, as owner and/or operator of the M/V MASTER CADE, was responsible to ensure the safe movement, navigation, and mooring of the spud barges.

XXX.

The damages caused to the spud barges were not caused or contributed to by any fault or neglect on the part of the barges and/or B&S, but were instead caused wholly by, or at least in

part by, the negligence of T&M, its agents, servants, or employees, in the following respects, which will be shown at the trial of this matter:

1. Failing to properly navigate and maneuver the spud barges;

2. Failing to exercise good seamanship;

3. Running the spud barges aground;

4. Failure to follow safe operating procedures;

5. Failing to take the appropriate steps to assess the risk of allision;

6. Failing to act with reasonable care under the circumstances; and

7. Other acts of negligence to be shown at the trial of this matter.

XXXI.

As a result of the above-described acts of negligence, T&M is liable for damages sustained to the spud barges, as well as for consequential damages, including but not limited to, loss of use until such time as the barges are returned to seaworthy condition, and for all survey costs.

XXXII.

At all times pertinent herein, T&M is believed to have had in full force and effect policies of insurance underwritten by XYZ and providing coverage to T&M for all or part of the damages claimed herein by B&S.

**FOURTH CAUSE OF ACTION**

XXXIII.

The allegations of each of the foregoing paragraphs are re-alleged as if set forth *verbatim* and *in extenso* herein.

XXXIV.

While the spud barges were under charter to TRUCKLA, upon information and belief TRUCKLA retained James Marine, Inc. (hereinafter "James Marine") to perform certain maintenance and repairs to the spud barges.

XXXV.

TRUCKLA did not have a vendor identification number/account with James Marine and instead used the vendor identification number/account of B&S to have the work completed.

XXXVI.

TRUCKLA has failed to pay an outstanding balance for the above-described work to James Marine. Upon information and belief the current outstanding balance is $5,009.44.

XXXVII.

TRUCKLA is liable to B&S for any and all monies charged by TRUCKLA to B&S' account with James Marine.

**WHEREFORE**, plaintiff herein, B&S Equipment Company, Inc., respectfully prays that defendants, TRUCKLA Services, Inc., Montgomery Insurance, ABC Insurance Company, T&M Boat Rentals, LLC, and XYZ Underwriters, be duly served with a copy of this Complaint, and be duly cited to appear herein and answer same, and that after all due proceedings are had, that Judgment be rendered to fully compensate B&S Equipment Company, Inc. for all physical damages sustained to its excavators, plus consequential damages, legal interest, costs, expenses, and attorneys' fees incurred in connection with prosecution of the instant litigation, as well as for all costs to survey and repair the spud barges, and all related consequential damages such as charter hire, as well as for all monies charged by TRUCKLA to B&S' account with James

Marine, plus prejudgment interest, and for such other general and equitable relief as the justice of the cause may require.

                                              Respectfully submitted,

                                              **REICH, ALBUM & PLUNKETT, L.L.C.**

                                              /s/ ROBERT S. REICH
                                              **ROBERT S. REICH, T.A. (#11163)**
                                              **W. JACOB GARDNER, JR. (#30511)**
                                              1000 Two Lakeway Center
                                              3850 North Causeway Boulevard
                                              Metairie, Louisiana  70002
                                              Telephone:  (504) 830-3999
                                              Telefax:  (504) 830-3950
                                              E-Mail:   rreich@rapllclaw.com
                                                         jgardner@rapllclaw.com
                                              *Attorneys for plaintiff, B&S Equipment Company, Inc.*