UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **B&S EQUIPMENT COMPANY, INC.** | * | CIVIL ACTION 09-3862 |
| | * | |
| **VERSUS** | * | SECTION F-4 |
| | * | |
| **TRUCKLA SERVICES, INC. AND** | * | HONORABLE MARTIN L.C. |
| **ABC INSURANCE COMPANY** | * | FELDMAN |
| | * | |
| | * | MAGISTRATE KAREN WELLS ROBY |

**THIRD SUPPLEMENTAL AND AMENDING COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes plaintiff, B&S Equipment Company, Inc. (hereinafter "B&S"), and respectfully avers as follows:

I.

B&S re-alleges and re-avers all of the allegations contained in its Second Supplemental and Amending Complaint as if copied herein *verbatim* and *in extenso*.

II.

Article II of the Second Supplemental and Amending Complaint is hereby supplemented and amended to add the following:

F. Adams Towing Corporation (hereinafter "Adams"), who upon information and belief at all material times was a Louisiana corporation that owned and/or operated and/or

1

chartered the M/V MASTER CADE, the towing vessel used to transport the spud barges to and from the TRUCKLA job, as well as position the barges while on the job; and

G. State National Insurance Company (hereinafter "State National"), who upon information and belief was a foreign liability insurer of Adams at all material times.

III.

Article XXXVI of the Second Supplemental and Amending Complaint is hereby amended to read as follows:

"TRUCKLA has failed to pay an outstanding balance for the above-described work to James Marine. Upon information and belief the current outstanding balance is $9,009.16."

IV.

The Second Supplemental and Amending Complaint is hereby supplemented and amended to add the following:

**FIFTH CAUSE OF ACTION**

38.

The allegations of each of the foregoing paragraphs are re-alleged as if set forth *verbatim* and *in extenso* herein.

39.

The barges were transported to and from the TRUCKLA job by the M/V MASTER CADE, Official No. 569725MC70381, a towing vessel owned and/or operated and/or chartered by Adams. The M/V MASTER CADE was also used to position and moor the barges during the TRUCKLA job.

2

40.

Adams, as owner and/or operator charterer of the M/V MASTER CADE, was responsible to ensure the safe movement, navigation, and mooring of the spud barges.

41.

The damages caused to the spud barges were not caused or contributed to by any fault or neglect on the part of the barges and/or B&S, but were instead caused wholly by, or at least in part by, the negligence of Adams, its agents, servants, or employees, in the following respects, which will be shown at the trial of this matter:

1. Failing to properly navigate and maneuver the spud barges;
2. Failing to exercise good seamanship;
3. Running the spud barges aground;
4. Failure to follow safe operating procedures;
5. Failing to take the appropriate steps to assess the risk of allision;
6. Failing to act with reasonable care under the circumstances; and
7. Other acts of negligence to be shown at the trial of this matter.

42.

As a result of the above-described acts of negligence, Adams is liable for damages sustained to the spud barges, as well as for consequential damages, including but not limited to, loss of use until such time as the barges are returned to seaworthy condition, and for all survey costs.

43.

At all times pertinent herein, Adams is believed to have had in full force and effect policies of insurance underwritten by State National and providing coverage to Adams for all or part of the damages claimed herein by B&S.

V.

The prayer for relief of the Second Supplemental and Amending Complaint is hereby supplemented and amended to read as follows:

**WHEREFORE**, plaintiff herein, B&S Equipment Company, Inc., respectfully prays that defendants, TRUCKLA Services, Inc., Montgomery Insurance, ABC Insurance Company, T&M Boat Rentals, LLC, Adams Towing Corporation, XYZ Underwriters, and State National Insurance Company be duly served with a copy of this Complaint, and be duly cited to appear herein and answer same, and that after all due proceedings are had, that Judgment be rendered to fully compensate B&S Equipment Company, Inc. for all physical damages sustained to its excavators, plus consequential damages, legal interest, costs, expenses, and attorneys' fees incurred in connection with prosecution of the instant litigation, as well as for all costs to survey and repair the spud barges, and all related consequential damages such as charter hire, as well as

for all monies charged by TRUCKLA to B&S' account with James Marine, plus prejudgment interest, and for such other general and equitable relief as the justice of the cause may require.

Respectfully submitted,

**REICH, ALBUM & PLUNKETT, L.L.C.**


/s/ ROBERT S. REICH
**ROBERT S. REICH, T.A. (#11163)**
**W. JACOB GARDNER, JR. (#30511)**
1000 Two Lakeway Center
3850 North Causeway Boulevard
Metairie, Louisiana  70002
Telephone:  (504) 830-3999
Telefax:  (504) 830-3950
E-Mail:   rreich@rapllclaw.com
              jgardner@rapllclaw.com
***Attorneys for plaintiff, B&S Equipment Company, Inc.***


## CERTIFICATE OF SERVICE

I hereby certify that on 12th day of February, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all parties.

/s/ ROBERT S. REICH

5