UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **B&S EQUIPMENT CO., INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO:     09-3862** |
| | **c/w    10-0832** |
| | **10-1168** |
| | **10-4592** |
| **TRUCKLA SERVICES, INC., ET AL.** | **SECTION: "F" (4)** |

### ORDER

Before the Court is a **Motion to Compel** (**R. Doc. 228**) filed by the Defendant, Travelers Casualty and Surety Company of America ("Travelers") seeking an Order compelling the Plaintiff, B&S Equipment Company, Inc. to respond to its discovery requests. B&S filed a response. (R. Doc. 232.) On May 17, 2011, Travelers filed a reply in support of its motion. (R. Doc. 245.) B&S filed a sur-reply. (R. Doc. 264.) This motion was set to be heard with oral argument on Wednesday, May 18, 2011. However, the parties moved for a continuance which was granted by the undersigned. Thereafter, the motion was heard with oral argument on **Wednesday, May 25, 2011**.

**I.     Background**

The instant action diversity action concerns various contract and insurance coverage disputes arising out of damaged equipment and barges used in a federal floor control project. In March 2009,

Truckla Services, Inc. ("Truckla") was awarded a government contract to build a revetment along the banks of the Upper Mississippi River in Cairo, Illinois. Specifically, the United States Army Corps of Engineers contracted with Truckla to transfer rocks from barges onto the bank of the river in an effort to prevent erosion. Thereafter, Truckla entered into two contracts with B&S to rent equipment and barges. The first contract was an oral bareboat barge charter for the use of two spud barges, the Dove 4 and KS 417.[1] The second contract was a written equipment lease for the use of two B&S excavators, a Caterpillar 375L and a Caterpillar 385CL.

Under the terms of the agreements between B&S and Truckla, Truckla was to pay for any damages to the excavators, return the excavators in good condition, and perform ordinary maintenance during the course of the lease. The lease was to continue on a month-to-month basis until Truckla gave B&S 30 days written notice or until B&S resumed possession of the equipment.

In order to fulfill its responsibility to transport the vessels and equipment from New Orleans to St. Louis, Truckla contracted with T&M Boat Rentals, LLC to bring the excavators up the Mississippi on the barges. T&M in turn made arrangements with Adams Towing Corporation for the Master Cad to move the Dove 4 and KS 417 to and from New Orleans. Truckla maintained two policies of insurance, including a commercial inland marine policy issued by Montgomery Insurance company and a commercial general liability policy from Canal Indemnity.

After one month, B&S and Truckla began to disagree as to the condition of the equipment and the barges. The barges and the equipment were subsequently returned to B&S. Truckla maintains that the Caterpillar 375 excavator was defective and unsound and that one of the barges required constant pumping and repair to stay afloat. B&S contends that their barges were seaworthy and fit for Truckla's

---

[1] The Dove 4 was owned by White Dove Marine, LLC, and the KS 417 was owned by McDonough Marine Service. B&S arranged the oral bareboat barge charter through a vessel broker, T.L.C. Marine Services, Inc.

2

use and that the excavators were in good condition and working properly.  B&S contends that Truckla negligently performed its work, failed to maintain the barges, and breached its contractual obligation to B&S.

On June 15, 2009, B&S sued Truckla contending that Truckla breached its obligations under the lease by failing to provide 30 days written notice of its intent to terminate the lease.  It further complains that Truckla was negligent which resulted in the loss of equipment.  In an amended complaint, B&S added Montgomery Insurance as a defendant, asserting that Montgomery issued a policy to Truckla that covered the damaged equipment.  B&S filed a second a third amended complaint adding T&M Boat Rentals and Adams Towing asserting that as owner and operator or charterer of the towing barge, the M/V Master Cade, negligently transported the barges to and from the project causing damage.  In a fourth amended complaint, B&S sued Canal Indemnity, as Truckla's liability insurer. Various cross claims and counterclaims resulted.

B&S subsequently initiated another lawsuit against Travelers Casualty and Surety Company of America on April 22, 2010, pursuant to the Miller Act, 40 U.S.C. § 3131.  B&S asserts that Travelers and Truckla executed a payment bond in which they bound themselves to secure prompt payment of all persons supplying labor and material to the Corps' project such that Travelers, as Truckla's surety, is responsible to pay B&S all monies due under the contract and for damage to the equipment and barges.  The case was transferred and consolidated with the master case.

As to the instant motion, on February 1, 2011, Travelers propounded its discovery requests on B&S.  B&S did not provide their responses until May 10, 2011, after the instant motion was filed in the Court.  Travelers contends that B&S's responses are deficient, and that any objections to the requests have been waived pursuant to Rule 37 of the Federal Rules of Civil Procedure.  B&S opposes the motion.

3

**II.     Standard of Review**

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1).  The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1).  The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials.  *Herbert v. Lando,* 441 U.S. 153, 176 (1979).  Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).  Furthermore, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

Under Rule 26(b)(2)(c), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed.R.Civ.P. 26(b)(2)(c).  In assessing whether the burden of the discovery and outweighs the benefit, a court must account for: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues.  *Id*.

**III.    Analysis**

Initially, Travelers sought to compel responses from B&S.  However, after the instant motion was filed, B&S provided responses to the propounded discovery requests.  Travelers thereafter filed a memorandum in support of its motion to compel contending that B&S's discovery responses were

4

deficient and that their objections asserted were waived pursuant to the Federal Rules of Civil Procedure. Specifically, Travelers contested Interrogatories 5, 11, and 13 and Request for Production 4, and 7. At the hearing, Travelers represented that B&S provided supplemental responses the night before the hearing. Travelers further represented that although it maintains that some of the responses are still deficient, it is only concerned with Interrogatory 13.

Interrogatory 13 requested that B&S

state[] whether you have rented the excavator since the project in issue. If so, provide the following: (a) the number of times the excavators have been rented; (b) the dates the excavators were rented; (c)the amount for which the excavators were rented; and (d) the identify of the individual or companies that rented the excavators.

(R. Doc. 228-2, p. 6.) In response, B&S stated, "B&S objects to Interrogatory No. 13 insofar and to the extent that it seeks information not related to the subject matter of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence." (R. Doc. 245-2, pp. 11-12.)

Travelers initially contends that B&S's objection has been waived due to its failure to respond to the discovery requests within thirty (30) under Rule 33(b)(4) of the Federal Rules of Civil Procedure. Travelers contends that B&S has not demonstrated good cause for their delay and therefore their objections are waived as a matter of law.

Alternatively, Travelers contends that the objection should be overruled. Travelers asserts that the interrogatory is relevant to B&S's claim for loss of profits. Travelers contends that if the excavators were rented from May 22, 2009, through August 29, 2009[2], this information is relevant to determine whether Travelers are seeking double recovery.

In response, B&S acknowledged at the hearing that Rule 33 provides a waiver if interrogatories are not responded to within thirty (30) days. However, it contends that courts have found that if a

---

[2]This time frame represents the date in which the excavators were returned, May 22 2009, through the end of the project, August 29,2 009.

5

party can demonstrate good cause for its failure to timely respond, the Court need not find a waiver.

B&S contends that it has good cause to excuse its failure to timely respond because on February 1, 2011, it received the discovery requests from Travelers. However, some of the requests required information which was not in B&S's possession and was instead in possession of White Dove. On February 2, 2011, it propounded discovery on White Dove which included questions relating to the damages of the barges. B&S contends that this information was only in the possession of White Dove, and therefore B&S was waiting on White Dove's responses to its discovery requests before it planned to respond to Travelers so that it could respond to all of the questions posed by Travelers. Responses were not forthcoming from White Dove until April 19, 2011.

B&S acknowledges that on April 18, 2011, Travelers contacted B&S and indicated that it was going to file a motion to compel if responses to discovery were not received. B&S agreed to provide discovery responses by April 27, 2011. However, counsel for B&S represented at the hearing that it "just didn't happen." Counsel for B&S contended at the hearing that Travelers filed a Motion for Summary Judgment in May which required counsel to focus his attention on the reply rather than the discovery requests. Further, counsel for B&S was involved in an unrelated trial during the same time frame. Therefore, he was unable to respond until May 10, 2011, and therefore had good cause for his failure. Counsel for B&S further represented at the hearing that he "had no reason to believe that if [discovery] wasn't answered on day 30 that some party [was] going to come in and demand that all of [B&S's] objections, including privilege [were] waived."

Federal Rule of Civil Procedure 33 provides in relevant part "[t]he responding party must serve its answers and any objections within 30 days after being served with the interrogatories. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the Court." Fed.R.Civ.P. 33(b)(2).

6

"Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed.R.Civ.P. 33(b)(4); *see also In re United States*, 864 f.2d 1153, 1156 (5th Cir. 1989)("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived.").

The Court first notes that the discovery requests were served on February 1, 2011. Therefore, B&S's responses were due no later than March 3, 2011. B&S did not respond to the discovery requests until May 10, 2011, two (2) months and one (1) week after the deadline. Therefore, B&S's objections were waived pursuant to Rule 33(b)(4) unless good cause is shown.

The Court is not persuaded by B&S's assertion of good cause. First, B&S asserted that it delayed its response while it waited for Dove's responses to B&S's discovery requests. However, B&S conceded that he was aware that he could have responded to Traveler's discovery responses indicating that they were not in possession of information responsive to the requests and reserve the right to supplement upon receipt of responses from Dove. However, counsel for B&S failed to do so, simply because he assumed that Traveler's would not use the force of Rule 33(b)(4) against him. B&S also conceded that he could have requested an extension with the undersigned, but failed to do so.

Secondly, B&S contends that it had good cause for its delay because Traveler's filed a Motion for Summary Judgment in May to which Traveler's had to respond. B&S contends that it had to choose which task to focus on, and clearly chose to work on the Motion for Summary Judgment. Further, counsel for B&S was also involved in another trial during this time frame. However, B&S concedes that during this time frame he did not seek an extension with the undersigned. Therefore, this contention is not persuasive.

Finally, the Court is not persuaded that B&S had "no reason to believe" that Traveler's would invoke the Rule 33(b)(4) waiver. According to B&S's testimony, Traveler's contacted B&S on April

18, 2011, and informed B&S that it intended to file a motion to compel if discovery responses were not received. B&S promised to provide responses by April 27, 2011, and failed to do so. Therefore, B&S was on notice of Traveler's intent to enforce the Federal Rules of Civil Procedure.

Although the Court finds that B&S waived its objections, the Court will only enforce this waiver insofar as B&S waived its relevancy objection to Interrogatory 13. However, the Court finds that the interrogatory is over broad because it is not limited to any period of time. The Court finds that it would be unduly burdensome to require B&S to respond to the interrogatory which does not limit the time frame of the request in any fashion. Therefore, the Court orders B&S to supplement its response to Interrogatory 13, but will limit its response from May 22, 2009 through August 29, 2009.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that Traveler's Casualty and Surety Company of America's **Motion to Compel (R. Doc. 228)** is hereby **GRANTED IN PART** and **DENIED IN PART:**

- **IT IS GRANTED** insofar as the Court finds that B&S Equipment Company, Inc. has waived its objections to Traveler's discovery requests by its failure to respond within thirty (30) days pursuant to Fed.R.Civ.P. 33(b)(4). B&S therefore is **ORDERED** to supplement its discovery requests within **ten (10) days** from the signing of this Order.

- **IT IS DENIED** insofar as the Court declines to require B&S to respond to **Interrogatory 13** as it is not limited in temporal scope. B&S is required to respond only as applicable for the time frame of May 22, 2009 through August 29, 2009.

New Orleans, Louisiana, this 20th day of June 2011

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**