UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **B&S EQUIPMENT CO., INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO:    09-3862** |
| | **c/w   10-0832** |
| | **10-1168** |
| | **10-4592** |
| **TRUCKLA SERVICES, INC., ET AL.** | **SECTION: "F" (4)** |

## ORDER

Before the Court is a **Motion to Compel Discovery Responses from Adams Towing Corporation and State National Insurance Company (R. Doc. 234)** filed by the Plaintiff, B&S Equipment Company, Inc. ("B&S") seeking an Order compelling the Defendants, Adams Towing Corporation and State National Insurance Company to respond to its discovery requests. The Plaintiff also seeks $500.00 in attorneys' fees for having filed the subject motion. B&S opposes the motion. (R. Doc. 254.) The motion was heard with oral argument on **Wednesday, May 25, 2011**, and was thereafter taken under submission. After oral argument, B&S filed a supplemental memorandum in support of its motion to compel. (R. Doc. 266.) The Defendants filed a sur-reply. (R. Doc. 285.)

**I.      Background**

The instant action diversity action concerns various contract and insurance coverage disputes arising out of damaged equipment and barges used in a federal floor control project.  In March 2009, Truckla Services, Inc. ("Truckla") was awarded a government contract to build a revetment along the banks of the Upper Mississippi River in Cairo, Illinois.  Specifically, the United States Army Corps of Engineers contracted with Truckla to transfer rocks from barges onto the bank of the river in an effort to prevent erosion.  Thereafter, Truckla entered into two contracts with B&S to rent equipment and barges.  The first contract was an oral bareboat barge charter for the use of two spud barges, the Dove 4 and KS 417.[1]  The second contract was a written equipment lease for the use of two B&S excavators, a Caterpillar 375L and a Caterpillar 385CL.

Under the terms of the agreements between B&S and Truckla, Truckla was to pay for any damages to the excavators, return the excavators in good condition, and perform ordinary maintenance during the course of the lease.  The lease was to continue on a month-to-month basis until Truckla gave B&S 30 days written notice or until B&S resumed possession of the equipment.

In order to fulfill its responsibility to transport the vessels and equipment from New Orleans to St. Louis, Truckla contracted with T&M Boat Rentals, LLC to bring the excavators up the Mississippi on the barges.  T&M in turn made arrangements with Adams Towing Corporation for the Master Cad to move the Dove 4 and KS 417 to and from New Orleans.  Truckla maintained two policies of insurance, including a commercial inland marine policy issued by Montgomery Insurance company and a commercial general liability policy from Canal Indemnity.

After one month, B&S and Truckla began to disagree as to the condition of the equipment

---

[1] The Dove 4 was owned by White Dove Marine, LLC, and the KS 417 was owned by McDonough Marine Service.  B&S arranged the oral bareboat barge charter through a vessel broker, T.L.C. Marine Services, Inc.

and the barges. The barges and the equipment were subsequently returned to B&S. Truckla maintains that the Caterpillar 375 excavator was defective and unsound and that one of the barges required constant pumping and repair to stay afloat. B&S contends that their barges were seaworthy and fit for Truckla's use and that the excavators were in good condition and working properly. B&S contends that Truckla negligently performed its work, failed to maintain the barges, and breached its contractual obligation to B&S.

On June 15, 2009, B&S sued Truckla contending that Truckla breached its obligations under the lease by failing to provide 30 days written notice of its intent to terminate the lease. It further complains that Truckla was negligent which resulted in the loss of equipment. In an amended complaint, B&S added Montgomery Insurance as a defendant, asserting that Montgomery issued a policy to Truckla that covered the damaged equipment. B&S filed a second a third amended complaint adding T&M Boat Rentals and Adams Towing asserting that as owner and operator or charterer of the towing barge, the M/V Master Cade, negligently transported the barges to and from the project causing damage. In a fourth amended complaint, B&S sued Canal Indemnity, as Truckla's liability insurer. Various cross claims and counterclaims resulted.

B&S subsequently initiated another lawsuit against Travelers Casualty and Surety Company of America on April 22, 2010, pursuant to the Miller Act, 40 U.S.C. § 3131. B&S asserts that Travelers and Truckla executed a payment bond in which they bound themselves to secure prompt payment of all persons supplying labor and material to the Corps' project such that Travelers, as Truckla's surety, is responsible to pay B&S all monies due under the contract and for damage to the equipment and barges. The case was transferred and consolidated with the master case.

As to the instant motion, on July 10, 2010, the B&S served its discovery requests on the

Defendants. At the time the motion was filed, on May 11, 2011, no responses had been received. B&S therefore filed the subject motion seeking to compel responses to its discovery requests. After the subject motion was filed, on May 17, 2011, the Defendants provided their responses. The Plaintiff found the responses deficient, insofar as the Defendants failed to produce certain investigatory statements. As such, oral argument ensued.

On the same date that oral argument was held, the Court heard another motion in the above captioned matter. (*See* R. Doc. 228.) In that motion, Travelers, another party, had propounded discovery requests on B&S. B&S failed to timely respond. Travelers sought an Order compelling B&S to respond to the discovery requests and deem all objections waived. B&S opposed the motion. The Court found that B&S had waived its objections by failing to timely respond and had otherwise failed to provide the Court with good cause to excuse their untimeliness. (*See* generally, R. Doc. 293.)

As a result of the Court's ruling, during oral argument, B&S's argument changed as to the instant motion. B&S argued that because the Defendants had failed to timely respond to the discovery requests, the Defendants had waived all of their objections. Therefore, it asked the Court to compel the Defendants to provide supplemental responses to its discovery requests which were received on May 17, 2011, without objections and specifically requested that the Court compel the production of the investigatory statements.

After oral argument, B&S submitted a supplemental memorandum outlining its new arguments. (R. Doc. 266.) The Defendants responded in opposition. (R. Doc. 285.)

## II.  **Standard of Review**

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando,* 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Furthermore, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

Under Rule 26(b)(2)(c), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed.R.Civ.P. 26(b)(2)(c). In assessing whether the burden of the discovery and outweighs the benefit, a court must account for: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. *Id*.

**III.   Analysis**

Because the parties concede that the issue contained in the initial submissions, namely the fact that the Defendants had failed to respond, at all, to the Plaintiff's discovery has been resolved, the Court will only address whether the Defendants' failure to timely respond results in a waiver of

5

all objections.

B&S contends that, consistent with this Court's ruling on Traveler's motion, the Defendant's failure to respond to its discovery requests results in a waiver pursuant to Rule 34(b)(2). B&S therefore contends that the Defendants should be compelled to resubmit its responses to its discovery requests without objections.

Furthermore, B&S contends that the Defendants' failure to produce the statements in response to Request for Production 5 on the basis of work product privilege is unwarranted because the attorney client privilege has been waived. **Request for Production 5** states, "Please produce any and all documents responsive to Interrogatories No. 7-11." (R. Doc. 266-1, p. 7.) The Defendants objected to producing the statements identified in Interrogatory No. $9^2$ pursuant to the attorney work product privilege. The Defendants further noted that they engaged Tidelands Adjustment Services to locate witnesses and obtain statements after the matter was filed. (R. Doc. 266-1, p. 7.) Interrogatory 9 specifically addresses the statements withheld. **Interrogatory 9** states,

> Did you obtain statements, written or recorded, from any individuals concerning the subject matter of this lawsuit? If so, please state the names, addresses, and telephone numbers of all individuals who have been statementized [sic]; identify whether the statement was recorded, typed, and/or handwritten; the date the statement was obtained; and the person who obtained the statement.

(R. Doc. 266-1, p. 4.) In response, the Defendants identified Joey Wiggins, Faron Adams, and Tom Renfro and provided contact information for each individual. *Id.*

B&S contends that the Defendants, by failing to respond until 275 days past the deadline, have waived the attorney-client privilege. Therefore, it should be compelled to produce the

---

[2]The Court notes that the Defendants' response actually indicates that it objects to producing statements in response to Interrogatory 7. However, Interrogatory 7 does not relate to witness statements. Instead, Interrogatory 9 addresses witness statements. The Court construes the Defendants' reference to Interrogatory 7 as a typo, and will address the objection as if it were properly made to Interrogatory 9.

documentation.

In response, the Defendants contend that Federal Rule of Civil Procedure 33, which provides that objections not made within 30 days are waived, applies only to interrogatories. It contends that Rule 34, which applies to requests for production of documents, does not similarly have a waiver provision. Therefore, its objection based on attorney client privilege has not been waived.

The Defendants contend that the statements at issue were clearly taken in anticipation of litigation and clearly constitute attorney work product. Further, the Defendants contend that they have provided the names and contact information of the witnesses who gave statements to Adams Towing to B&S. Therefore, B&S has an alternative method of obtaining the information contained in the statements. The Defendants contend that B&S has not demonstrated any undue hardship or a substantial need as required to overcome the attorney work product doctrine and therefore should not be compelled to produce the statements. The Defendants provided the Court with the documents for an *in camera* review to verify that the attorney work product privilege is applicable.

As a preliminary matter, the Court notes that the Defendants do not contest that their failure to timely respond results in a waiver of their objections to their interrogatory requests. Therefore, to the extent that the Defendants have failed to fully respond to interrogatory requests based off of objections due to relevancy, over breadth, unduly burdensomeness, or any other objection unrelated to privilege, the Court finds these objections have been waived and the Defendants are accordingly ordered to supplement their responses.

The Court further notes that on May 25, 2011, the Defendants provided the Court with statements provided by James Joseph Anslem, Tony Joseph Vidos, Jr., and Ricky Nate Barnes for an *in camera* inspection. The Defendants also provided a letter from its investigatory file which

summarized the witness statements. On June 13, 2011, the Defendants supplemented their *in camera* disclosures with statements by Joey Peter Wiggins, Faron Joshua Adams, and Tom Renfro. These statements were apparently inadvertently misfiled. The Defendants also supplemented their interrogatory responses to identify these three individuals and provide B&S with their contact information.

The Court has reviewed these documents *in camera* and finds that they are clearly privileged under both the attorney/client privilege and the work product privilege. Therefore, the only remaining issue before the Court is whether the Defendants' failure to timely respond to the discovery requests results in a waiver of these privileges.

Under Rule 34(b)(2)(A), if served with a request for production of documents, a party "must respond in writing within 30 days after being served. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the Court." Furthermore, "[f]or each item . . ., the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Fed.R.Civ.P. 34(b)(2)(B). "An objection to part of a request must specify the part and permit inspection of the rest." Fed.R.Civ.P. 34(b)(2)(C).

Unlike Rule 33, which addresses interrogatories, Rule 34 does not expressly state that responses and objections must be stated with specificity and be timely or they are waived unless excused by the court for good cause. However, courts, including the Fifth Circuit, have found that the waiver provision applies to both Rules 33 and 34. *See In re United States,* 864 F.2d 1153, 1156 (5th Cir. 1989)("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *see also* 8A Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, *Federal Practice & Proc. Civ. 2d* § 2204 (2d ed.

1994)("the discovery rules constitute an integrated mechanism and they must be read *in pari materia*."); *McLeod, Alexander, Powel and Apffel v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)(With respect to required specificity, "We see no reason to distinguish the standards governing responses to interrogatories from those that govern responses to production requests."); *Hall v. Sullivan*, 231 F.R.D. 468, 473-74 (D. Md. 2005)(holding that "implicit within Rule 34 is the requirement that objections to document production requests must be stated with particularity in a timely answer, and that failure to do so may constitute waiver of grounds not properly raised, including privilege or work product immunity unless the court excuses this failure for good cause shown."); *Drexel Heritage*, 200 F.R.D. at 258("although the plain language of Rule 34 does not expressly provide for waiver when objections are not stated, Rule 34, like Rule 33(b)(4), requires the reasons for objections to be explicitly stated. Therefore the Court finds the waiver to be an implicit one."). Therefore, the failure to respond to discovery requests, whether the be interrogatories or requests for production, generally result in a waiver of objections.

However, courts have found that, pursuant to Rule 26(b)(5) which concerns withholding information on the basis of privilege, the failure to timely object on the basis of privilege does not result in an automatic waiver. *See, e.g., Applied Systems, Inc. v. Northern Ins. Co. of New York*, No. 97 C 1565, 1997 WL 639235, at *2 (N.D. Ill. Oct. 7, 1997). "Rather, a waiver of privilege is a serious sanction reserved for cases of unjustified delay, inexcusable conduct, bad faith, or other flagrant violations. *Id.* Thus, a party's failure to assert privilege will not necessarily short circuit his or her efforts to preserve the confidentiality of a privileged document. Therefore, the circumstances surrounding the objections must be weighed in order to determine whether the documents should be produced or kept outside of the scope of discovery.

Here, B&S has made no allegations that the Defendants failure to timely respond was due to unjustified delay, inexcusable conduct, bad faith, or other flagrant violations. Instead, B&S merely shifted its argument to waiver after having lost a different motion. Although B&S, in that motion, vehemently disagreed with the Court as to the application of waiver, it here seeks not only a finding of waiver for untimely responses to discovery requests, but further seeks the serious sanction of waiver of attorney-client privilege. This, the Court will not do. B&S has provided the Court, and the Court has no basis otherwise, any reasons to find that the Defendants' actions were in bad faith or flagrant. The sanction of finding a waiver of the attorney-client privilege and/or work product privilege is unwarranted in this matter.

Further, this finding is consistent with the Court's ruling on the motion between Traveler's and B&S. In Traveler's motion, it sought a waiver of all objections and specifically contested B&S's responses to Interrogatories 5, 11, and 13 and Requests for Production of Documents 4 and 7. None of B&S's responses to these requests invoked the attorney-client privilege.

Accordingly, the Court finds that the Defendants have waived all objections to B&S's discovery requests based on relevance, unduly burdensome, over broad, or any other objection not grounded on the attorney client or the work product privilege. Therefore, the Defendants are ordered to provide supplemental responses to these requests. However, the Court finds that the objections based on attorney-client privilege or the work product doctrine have not been waived. As such, the Court declines to compel the production of statements taken by the Defendant's investigatory agent in this matter.

As to B&S's request for sanctions, in the form of attorneys' fees totaling $500.00, the request is denied. Under Rule 37(a)(5), sanctions are not warranted where "the opposing party's

nondisclosure, response, or objection was substantially justified." Fed.R.Civ.P. 37(a)(5)(A)(ii). Because the Court sustains the Defendants' objection to producing the witness statements under the attorney-client privilege, the Court finds that sanctions are not appropriate.

### IV.     Conclusion

Accordingly,

**IT IS ORDERED** that B&S Equipment Company, Inc.'s **Motion to Compel Discovery from Adams Towing Corporation and State National Insurance Company (R. Doc. 234)** is hereby **GRANTED IN PART** and **DENIED IN PART:**

- **IT IS GRANTED** insofar as the Court finds that the Defendants' failure to timely respond to the Plaintiff's discovery requests results in a waiver of any objection unrelated to privilege. As such, the Defendants' must provide supplemental responses to any objected-to discovery requests on grounds unrelated to privilege **no later than seven (7)** days from the signing of this Order.

- **IT IS DENIED** insofar as the Court finds that the Defendants did not waive the attorney-client privilege by their failure to respond timely to the discovery requests. As such, B&S's request to compel the statements taken by the Defendants' investigatory agent is **DENIED.**

- B&S's request for sanctions, in form of $500.00 in attorneys' fees, is hereby **DENIED.**

**IT IS FURTHER ORDERED** that **within five (5) days** of the signing of this Order, counsel for the Defendants' shall retrieve the subject statements which were submitted to the Court for *in camera* review. If the Defendants fail to retrieve these documents within five (5) days, the Court will destroy the subject documents.

New Orleans, Louisiana, this 6th day of July 2011

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**