UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

B&S EQUIPMENT CO., INC.                           CIVIL ACTION

v.                                                NO. **09-3862**
                                                  c/w **10-832**
                                                      10-1168
                                                      10-4592

TRUCKLA SERVICES, INC., ET AL.                    SECTION "F"


ORDER AND REASONS

Before the Court is Canal Indemnity Company's motion for partial summary judgment. For the reasons that follow, the motion is DENIED.

Background

This consolidated litigation involves many contract and insurance coverage disputes arising out of damaged equipment and barges that were used in a federal flood control project. Nearly every party has succeeded in making claims against nearly every other party. The factual background of this case has been developed before, and by this Court several times over, including when this Court denied Canal Indemnity Company's (and others) motions for summary judgment in its January 7, 2011 Order and Reasons.

On June 15, 2009 B&S sued Truckla,[1] asserting that Truckla

---

[1] A few months later Truckla forwarded notice of the suit to Canal Indemnity Company and B&S also forwarded the suit to

1

breached its obligations under an equipment lease by failing to give 30 days written notice of its intent to terminate the lease; B&S contends that it is entitled to continuing rental payments until proper notice of termination is given.  B&S also asserts that Truckla was negligent, resulting in loss of use of its equipment; specifically, B&S asserts that while its excavators were in Truckla's possession, the excavator 375L sustained damages, including broken doors, glass, walkways, and booms.  B&S asserts that it has been unable to lease the equipment while it remains damaged and awaiting repair, and that it is entitled to recover rents until the excavator is restored.  In an amended complaint, B&S added Montgomery Insurance as a defendant, asserting that Montgomery issued a policy to Truckla that covered the damaged equipment.  B&S filed a second and then third amended complaint, adding T&M Boat Rentals and Adams Towing (and Adams Towing's liability insurer, State National Insurance Company) as defendants, asserting that T&M or Adams Towing, as owner or operator or charterer of the towing barge, the M/V MASTER CADE, negligently transported the barges to and from the project, causing damage.  In

---

Canal's counsel.  On the deadline for responding to the suit, Canal advised Truckla that it should file responsive pleadings to protect its interest and that Canal's decision regarding coverage issues would be forthcoming.  However, according to Truckla, Canal never rendered a decision on coverage or defense of Truckla, never agreed to defend Truckla, never specifically denied coverage, and never reserved its rights with respect to Truckla's claim until nearly two years after the lawsuit was filed (shortly before Canal's present motion was filed).

still a fourth amended complaint, B&S sued Canal Indemnity, as Truckla's liability insurer, asserting that Canal provides coverage to Truckla for the physical damage to the spud barges.  Not to be outdone, Truckla has filed a counterclaim against B&S, asserting that the excavators and barges were delivered in poor condition and were unfit to perform Truckla's work, causing Truckla to suffer damages in expending money to repair them, loss of income associated with unsuccessful attempts to use them, and additional costs in replacing them.  Truckla also has filed a cross-claim against Montgomery for defense, indemnity, and breach of its duties under the commercial inland marine policy.  Finally, B&S has recently filed a fifth amended complaint.

Meanwhile, White Dove Marine LLC (the owner of barge DOVE 4) and its insurer, RLI Insurance Company, also claiming to be a victim, sued B&S, TLC Marine Service, Truckla, and Adams Towing for their negligence in causing damage to the DOVE 4; they seek to recover for physical damage to the barge, cost of repairs, survey expenses, loss of use, and loss of earnings.  Unsurprisingly, TLC asserts a counterclaim against White Dove and RLI, asserting that it is an additional insured covered under RLI's policy; TLC also asserts a cross-claim against B&S for B&S's alleged failure to pay TLC for its hire of the DOVE 4 and KS 417 and for B&S's breach of the parties' oral agreement that B&S return the vessels in good

condition.² The White Dove Marine suit was ultimately transferred to this Section of Court and consolidated with the pending B&S-initiated litigation.

B&S initiated still another lawsuit, this time against Travelers Casualty and Surety Company of America on April 22, 2010, pursuant to the Miller Act, 40 U.S.C. § 3131; B&S asserts that Travelers and Truckla executed a payment bond in which they bound themselves to secure prompt payment of all persons supplying labor and material to the Corps' project such that Travelers, as Truckla's surety, is responsible to pay B&S all monies due under the contract and for damage to the equipment and barges. That case was also transferred to this Court and consolidated.

In the meantime, T&M Boat Rentals and Adams Towing sued Rexal Heidelberg, Truckla, Thaddis Pearson, TMP Ventures, and Travelers in the U.S. District Court for the Eastern District of Missouri, asserting that (1) the contractor (Heidelberg or Truckla) owes $420,161.63 (of which $31,600 belongs to T&M and $388,561.63 belongs to Adams), plus costs including attorneys' fees and

---

²According to TLC, B&S agreed to pay the agreed-upon hire rate on a monthly basis; TLC was to deduct its commission from the hire payments received from B&S and then remit the remainder of the hire payments to its customers (White Dove and McDonough). According to TLC, B&S has failed to make any payments to TLC, which has resulted in TLC being unable to pay its customers the agreed-upon hire rate, less commission.

interest;[3] (2) pursuant to the Miller Act, Travelers owes T&M $420,161.63 (of which $31,600 belongs to T&M and $388,561.63 belongs to Adams) plus costs including attorneys' fees and interest; and (3) if the contractor claims, and the Court finds, that Pearson or TMP were not acting as the contractor's agent in hiring T&M, but, instead, were acting as an intermediary that hired the tugs from T&M and then supplied them to the contractor, then Pearson and TMP are personally liable to pay the amounts owed for use of the tugs.[4]  The case was also transferred to this Court and consolidated with this ongoing, bloated and interminable litigation.

Several parties to these consolidated proceedings filed motions for summary judgment and, in the meantime, requested (and obtained) a continuance of the hearing on the motions, as well as a continuance of the trial schedule.  Since the various motions for summary judgment were filed, the hearing date continued, and a new trial schedule set, additional pleadings were filed.[5]  On January

---

[3]T&M and Adams allege that the contractor owes T&M $389,200 for the use of the tugs, plus a fuel surcharge of $30,961.63, and that T&M owes Adams $357,600 for the use of the tugs plus the fuel surcharge, but that T&M is unable to pay Adams until T&M has been paid by the contractor.

[4]On December 8, 2010 a clerk's entry of default was entered against defendants Thaddis Pearson and TMP Ventures, Inc.

[5]White Dove and RLI filed an amended complaint against Adams Towing, B&S, TLC Marine, Truckla, and added as a defendant United Specialty Insurance Company (B&S's liability insurer). Truckla filed a cross-claim against Canal Indemnity, as well as a

7, 2011 the Court ruled on five motions for summary judgment[6] as follows: Montgomery Insurance's motion for partial summary judgment was denied; Canal Indemnity's motion for summary judgment was denied;[7] T&M Boat Rentals' motion for summary judgment was

---

cross-claim against T&M Boat Rentals in Case No. 09-3862. And B&S filed a cross-claim against their insurer, United Specialty Insurance Company, asserting that United issued a commercial general liability policy that covers B&S's liability exposure (and affords defense and indemnity) for the losses alleged by Truckla and consolidated plaintiff, White Dove; B&S asserts that United's refusal to provide coverage, defense, and indemnity entitles it to attorney's fees, costs, and penalties.

[6]Montgomery Insurance sought partial summary judgment, relative to Truckla's cross-claim against it, that no coverage exists for the claims of defense, indemnity, and breach of its duties. Canal Insurance requested summary relief dismissing claims asserted against it on the ground that its policy does not afford coverage for B&S's claims. T&M Boat Rentals requested summary relief on the ground that the plaintiff cannot establish the essential elements of a general maritime negligence claim against it because it acted as merely a boat broker. B&S sought partial summary judgment that there was a rental contract between it and Truckla; that the equipment lease contains the terms of that agreement; that there was a bareboat barge charter between the parties and that the agreement was also written; that under the terms of either agreement, Truckla agreed to indemnify and defend B&S from and against any and all damages related to the use of the excavators and barges; and that Truckla owes B&S for all attorneys' fees and costs incurred in this matter. And finally Truckla, in opposing B&S's motion for partial summary judgment, requested that the Court strike an affidavit submitted in support of B&S's motion.

[7]According to Truckla:

Following the Court's denial of Canal's motion for summary judgment, Truckla reasserted demand for defense and indemnity several days after the Court issued its Order & Reasons. Canal did not respond. On March 11, 2011 Truckla again renewed its demand, which was again met with Canal's silence. Finally, following a failed mediation on June 10, 2011,

granted; Truckla's motion to strike was granted in part and denied in part; and B&S Equipment's motion for summary judgment was granted in part and denied in part.  Additionally, on April 28, 2011 the Court denied without prejudice Travelers' motion for summary judgment as to B&S's Miller Act claims granted Travelers' motion for summary judgment as to T&M's Miller Act claims and Adams Towing's Miller Act claims.

Canal Insurance now seeks summary relief dismissing claims asserted against it on the ground that its policy was issued to Rexal Heidelberg, and not Truckla, and therefore the policy does not afford coverage for any of the claims asserted against Canal.

I.

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine dispute as to any material fact such that the moving party is entitled to judgment as a matter of law.  No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986).  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Anderson v.

---

and two years after suit was filed, Canal issued a reservation of rights letter dated June 7, 2011, which Truckla received the following week.

Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. Id. Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987). Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

## II.

As a threshold matter the Court questions whether Canal has correctly pursued its motion as one requesting summary relief, as opposed to a request for relief from a judgment.

On August 4, 2010, over a year after suit was filed, Canal

sought summary judgment, seeking dismissal of the claims against it based solely on its invocation of certain exclusions contained in the policy.  Canal did not then claim that Truckla was not an insured or otherwise not entitled to coverage under the policy. Truckla and B&S opposed Canal's motion and specifically pointed out that the policy defined "insured" to include Rexal Heidelberg and any business of which Heidelberg is the sole owner.  Canal filed reply papers in response to Truckla's and B&S's arguments regarding exclusions, but did not appear to contest their position regarding the "named insured" issue raised now: indeed, in its reply papers in support of its prior motion for summary judgment, Canal asserted "it is clear that Truckla, whose sole owner is Rexal Heidelberg, qualifies as a named insured under the policy just as Rexal Heidelberg qualifies as a named insured."[8]  In considering Canal's motion for partial summary judgment, the Court addressed what then appeared to be an undisputed threshold issue when it noted:

> The "named insured" is "Rexal Heidelberg", who, as an individual is covered, his spouse is covered, and any business of which he is the sole owner is covered.... It is undisputed that Truckla is solely owned by Heidelberg such that it is an insured under the policy, that the

---

[8]This assertion was made in the context of its argument that the policy's Damage to Property exclusion applied to preclude coverage for the excavators and spud barges leased to Truckla or Heidelberg; the assertion that at least purports to be an admission to the issue about which Canal now claims to dispute, is however followed by the following: "In this regard, if Truckla does not qualify as a named insured, then there is no coverage whatsoever for any of B&S' alleged damages as Rexal Heidelberg is not named as a defendant in this matter."

> events giving rise to this litigation occurred during the
> policy period and within the coverage territory, and that
> damage to property (an excavator and two spud barges) is
> alleged.

See Order and Reasons dtd. 1/7/11, p. 18. Canal now contends that the Court erred, "broadening the scope of coverage far beyond that delineated by the policy's clear terms and unambiguous language." But instead of showing entitlement to relief from or seeking reconsideration of the Court's order, Canal now seeks partial summary relief.

Truckla and B&S oppose Canal's motion on a number of grounds: they invoke concepts of waiver; assert that Canal's motion is untimely under the scheduling order;[9] maintain that the disputed policy language confers insured status on Truckla or, at least, is ambiguous and must be construed in Truckla's favor; in the alternative, they contend that the policy should be reformed to

---

[9]Canal responds to this particular assertion by suggesting that a member of this Court's staff told its counsel that July 20 was the next available date for a hearing and further suggests that the Court's staff suggested that a hearing on that date would be permitted even though it fell only 26 days prior to trial instead of 28 days as called for by the scheduling order. The Court admonishes counsel to comply with the scheduling order and notes that, when in doubt about compliance with deadlines contained in an order of this Court, counsel should seek relief from the order by way of motion, as indeed the scheduling order specifically provides; it should go without saying that counsel should know better than to telephone chambers to inquire whether a deadline will be enforced or not. The facts of this case, the flurry of claims, the obvious chaos any fact finder will encounter in resolving this dispute by way of trial rather than common sense mediation, all focus the monumental expertise counsel display in generating more heat than light in this case. See 28 U.S.C. § 1927.

show the intent of the policy; or, in the further alternative, they urge the Court to deny Canal's motion pursuant to Rule 56(d) because discovery on these issues is incomplete.

Under the circumstances, Canal cannot show entitlement to summary judgment on this issue at this stage in the litigation. Canal fails even to address why, when it is asserting that "the Court erred", a motion for relief from judgment is not the appropriate vehicle for consideration of this issue, let alone that it would be entitled to such relief.  The trial is approaching. Unfortunately, along with most of the other issues raised during motion practice in this case, resolution of this issue must wait. By that time, Canal will be expected to present this issue in its proper context, or otherwise convince the Court why its position is the only reasonable one under Louisiana law on insurance policy interpretation.  Canal's motion for partial summary judgment is DENIED.

New Orleans, Louisiana, July 21, 2011

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE