UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **B&S EQUIPMENT CO., INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO:**    **09-3862** |
| | **c/w**    **10-0832** |
| | **10-1168** |
| | **10-4592** |
| **TRUCKLA SERVICES, INC., ET AL.** | **SECTION: "F" (4)** |

## ORDER

Before the Court is a **Motion to Compel Discovery Responses from Canal Indemnity Company (R. Doc. 303)** filed by the Plaintiff, B&S Equipment Company, Inc. seeking to compel responses from Canal Indemnity Company to its propounded Interrogatories and Requests for Production ("Canal"). Canal opposes the motion.

According to the Scheduling Order, the deadline to *complete* discovery was July 5, 2011. (R. Doc. 157, p. 1.) The Scheduling Order states that "deadlines . . . fixed herein may only be extended by the Court upon motion filed in compliance with the Plan and Local Rules and upon showing of good cause." (R. Doc. 157, p. 2.) The trial is set to commence on August 15, 2011.

Under the Federal Rules of Civil Procedure, a scheduling order may only be modified for good cause shown and with the Judge's consent. Fed. R. Civ. Pro. 16(b)(4). In determining whether a party has provided good cause to seek discovery beyond the deadline set in the Scheduling Order, Courts

may examine four factors: "(1) the explanation for the untimely conduct; (2) the importance of the requested untimely action; (3) the potential prejudice in allowing the untimely conduct; and (4) the availability of a continuance to cure such prejudice." *Huey v. Super Fresh/Sav-A-Center, Inc.*, No. 07-1169, 2008 WL 2633767, at *1 (E.D. La. June 25, 2008) (citing *S & W Enters., LLC v. S. Trust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). "The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S & W Enters., LLC*, 315 F.3d at 535 (internal quotations and citations omitted).

The instant motion was set for hearing on July 27, 2011, twenty-six (26) days after the expiration of the discovery deadline. Under the terms of the Scheduling Order, however, the deadline in which to *complete* discovery was July 6, 2011. Further, B&S Equipment Company, Inc. did not timely apply for an extension of the discovery deadline as required by the Scheduling Order nor did they make any arguments under the Rule 16(b) good cause standard. .

Accordingly,

**IT IS ORDERED** that B&S Equipment Company Inc.'s **Motion to Compel Discovery Responses from Canal Indemnity Company (R. Doc. 303)** is hereby **DENIED**.

New Orleans, Louisiana, this 25th day of July 2011

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**